1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11  ARMANDO ANTONIO         )   Case No. CV 10-7261-DDP (RNB)
    MARROQUIN,                     )
12                                  )
                  Petitioner,   )   ORDER TO SHOW CAUSE
13                                )
              vs.            )
14                                )
    MELISSA LEA,                 )
15                                )
              Respondent.   )
16

17       On August 26, 2010, petitioner constructively filed a Petition for Writ of
18  Habeas Corpus by a Person in State Custody ("Pet.") herein.[1]  The Petition purports
19  to be directed to a conviction sustained by petitioner in Los Angeles County Superior
20  Court on August 8, 2002, for which petitioner was sentenced on February 14, 2003
21  to 17 years, 8 months in state prison.  (See Pet. at ¶ 3).  Petitioner purports to be
22  raising 23 separate grounds for relief, as well as numerous subclaims.  (See
23  Attachment to Petition at 1-151.)
24       Based on its review of the Petition, it appears to the Court that the Petition is
25

26      [1]      August 16, 2010 is the proof of service date.  The Ninth Circuit has held
that the prison mailbox rule applies to a habeas petitioner's state and federal filings.
27  See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273
28  F.3d 1220, 1223 (9th Cir. 2001).

1

time barred, and that all of the claims alleged in the Petition are unexhausted. Accordingly, on or before **November 15, 2010**, petitioner is ordered to show cause in writing (if any he has) (a) why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness,[2] and (b) even if the Petition is not time barred (or the time bar issue cannot be decided at this stage of the proceedings), why the Court should not recommend that this action be dismissed without prejudice for failure to exhaust state remedies.[3]

## The time bar issue

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d).[4]  See Calderon v. United States District Court for the Central District of

---

[2]     The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue <u>sua</u> <u>sponte</u> when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." <u>See</u> <u>Nardi v. Stewart</u>, 354 F.3d 1134, 1141 (9th Cir. 2004); <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

[3]     The Ninth Circuit has held that a federal court may raise the failure to exhaust issue <u>sua</u> <u>sponte</u> and may summarily dismiss on that ground.  <u>See</u> <u>Stone v. San Francisco</u>, 968 F.2d 850, 856 (9th Cir. 1992), <u>cert. denied</u>, 506 U.S. 1081 (1993); <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam), <u>cert. denied</u>, 455 U.S. 1023 (1982); <u>see also</u> <u>Granberry v. Greer</u>, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

[4]     The Court notes that, in Ground 1 of the Petition, petitioner purports to be making an "actual innocence" claim.  However, for purposes of his response to this Order to Show Cause, petitioner is advised that any attempt to avail himself of an
(continued...)

California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[5]  28 U.S.C. § 2244(d) provides:

> "(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

---

[4](...continued)
"actual innocence" exception to the AEDPA statute of limitations now is foreclosed by the Ninth Circuit's recent holding in Lee v. Lampert, 610 F.3d 1125,  1134 (9th Cir. 2010) that there is no "actual innocence" exception to the AEDPA's one-year limitation period.

[5]      Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

1    Here, it appears from the face of the Petition that petitioner failed to petition
2    the California Supreme Court for review of the Court of Appeal decision on direct
3    appeal.  (See Pet. at ¶ 9.)  Under the relevant California Rules of Court, his time for
4    doing so lapsed 40 days after the April 13, 2004 filing of the Court of Appeal
5    decision.  See Cal. R. Ct. 8.264(b)(1) [formerly 24(b)(1)] and 8.500(e)(1) [formerly
6    28(e)(1)].  Thus, for purposes of 28 U.S.C. § 2244(d)(1)(A), petitioner's judgment of
7    conviction "became final by conclusion of direct review or the expiration of the time
8    for seeking such review" on May 23, 2004.

9    From the face of the Petition, it does not appear that petitioner has any basis for
10   contending that he is entitled to a later trigger date under § 2244(d)(1)(B).  The Court
11   notes in this regard that petitioner did not have a constitutional right to counsel for
12   purposes of filing a Petition for Review in the California Supreme Court or a state
13   habeas petition.  See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 95
14   L. Ed. 2d 539 (1987) (holding that the right to counsel extends "to the first appeal of
15   right, and no further").  Nor does it appear that petitioner has any basis for contending
16   that he is entitled to a later trigger date under § 2244(d)(1)(C) because none of his
17   claims appears to be based on a federal constitutional right that was initially
18   recognized by the United States Supreme Court subsequent to the date his conviction
19   became final and that has been made retroactively applicable to cases on collateral
20   review.  Finally, although petitioner has purported to attribute his delayed filing to
21   his "[n]ot being able to understand and read English" and his "being ignorant of the
22   law" (see Pet. at ¶ 15), it does not appear that petitioner has any basis for contending
23   that he is entitled to a later trigger date under § 2244(d)(1)(D) since it appears that
24   petitioner was aware of the **factual** predicate of each of his claims as of the date he
25   was convicted and sentenced.  See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir.
26   2001) (statute of limitations begins to run when a prisoner "knows (or through
27   diligence could discover) the important facts, not when the prisoner recognizes their
28   legal significance").

1    Thus, unless a basis for tolling the statute existed, petitioner's last day to file
2  his federal habeas petition was May 23, 2005.  See Patterson v. Stewart, 251 F.3d
3  1243,1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.
4    28 U.S.C. § 2244(d)(2) provides:
5    "The time during which a properly filed application for State post-
6    conviction or other collateral review with respect to the pertinent
7    judgment or claim is pending shall not be counted toward any period of
8    limitation under this subsection."
9
10    In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), cert. denied, 529 U.S. 1104
11  (2000), the Ninth Circuit construed the foregoing tolling provision with reference to
12  California's post-conviction procedures.  The Ninth Circuit held that "the statute of
13  limitations is tolled from the time the first state habeas petition is filed until the
14  California Supreme Court rejects the petitioner's final collateral challenge." See id.
15  at 1006.  Accord, Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed.
16  2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's
17  application for collateral review remains "pending" during the intervals between the
18  time a lower state court denies the application and the time the petitioner files a
19  further petition in a higher state court).  However, the statute of limitations is not
20  tolled during the interval between the date on which the judgment of conviction
21  became final and the filing of the petitioner's first collateral challenge. See Nino, 183
22  F.3d at 1006.
23    Here, petitioner checked off the "no" box on the Petition form in response to
24  the question asking whether, other than his direct appeal, he had filed any other
25  petitions, applications, or motions with respect to his conviction. (See Petition at ¶
26  12).  Thus, it does not appear from the face of the Petition that petitioner is entitled
27  to any statutory tolling.
28    The Supreme Court recently held that the AEDPA's one-year limitation period

5

1    also is subject to equitable tolling in appropriate cases.  See Holland v. Florida, - U.S.

2    -, 130 S. Ct. 2548, 2560, 177 L. Ed. 2d 130 (2010).  If petitioner intends to rely on the

3    equitable tolling doctrine, he will need to include with his response to this Order to

4    Show Cause a declaration under penalty of perjury stating facts showing (1) that he

5    has been pursuing his rights diligently; and (2) that some extraordinary circumstance

6    stood in his way and prevented timely filing.  See Holland, 130 S. Ct. at 2562; Pace

7    v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

8       For purposes of his response to this Order to Show Cause, petitioner is advised

9    that neither an inability to read nor ignorance of the law constitutes an "extraordinary

10    circumstance" that warrants equitable tolling.  See, e.g., Rasberry v. Garcia, 448 F.3d

11    1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not,

12    by itself, an extraordinary circumstance warranting equitable tolling[ ]"); Turner v.

13    Johnson, 177 F.3d 390, 391 (5th Cir.) ( per curiam ), cert. denied, 528 U.S. 1007

14    (1999) (lack of familiarity with legal process, "due to illiteracy or any other reason[,]"

15    does not merit equitable tolling of AEDPA limitations period); Gazzeny v. Yates,

16    2009 WL 294199, at *6 (C.D. Cal. Feb. 4, 2009) (noting that "[a] prisoner's illiteracy

17    or ignorance of the law do not constitute extraordinary circumstances" for purposes

18    of tolling of the AEDPA statute of limitations); Barnett v. Knowles, 2006 WL

19    824474, at *5 (N.D. Cal. Mar. 29, 2006) (illiteracy and pro se status are not ordinarily

20    extraordinary circumstances or external factors that may excuse failure to comply

21    with federal habeas procedures); Singletary v. Newland, 2001 WL 1220738, at * 2

22    (N.D. Cal. Sept. 28, 2001) ("A misunderstanding of the complexities of federal

23    habeas relief is not considered an extraordinary circumstance or external factor for

24    purposes of avoiding an otherwise valid dismissal, as complete illiteracy does not

25    even provide a sufficient basis for equitable tolling."); Ekenberg v. Lewis, 1999 WL

26    13720, *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of the law and lack of legal

27    assistance do not constitute such extraordinary circumstances."); Ciria v. Cambra,

28    1998 WL 823026, *2-*3 (N.D. Cal. Nov. 10, 1998) (no equitable tolling where

1 petitioner alleging limited law library access, inadequacy of available legal materials,

2 and his limited command of the English language); <u>Bolds v. Newland</u>, 1997 WL

3 732529, *2 (N.D. Cal. Nov. 12, 1997) ("Ignorance of the law and lack of legal

4 assistance do not constitute such extraordinary circumstances."); <u>see also</u> <u>Hinton v.

5 Pacific Enterprises</u>, 5 F.3d 391, 396-97 (9th Cir. 1993) (mere ignorance of the law

6 generally is an insufficient basis to equitably toll the running of an applicable statute

7 of limitations), <u>cert. denied</u>, 511 U.S. 1083 (1994); <u>Barrow v. New Orleans S.S.

8 Ass'n</u>, 932 F.2d 473, 478 (5th Cir. 1991) (holding that neither "lack of knowledge of

9 applicable filing deadlines," nor "unfamiliarity with the legal process," nor "lack of

10 representation during the applicable filing period," nor "illiteracy," provides a basis

11 for equitable tolling).[6]

12

13 **The exhaustion issue**

14 Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner

15 has exhausted the remedies available in the courts of the State.[7] Exhaustion requires

16

_____

17     [6]    In <u>Mendoza v. Carey</u>, 449 F.3d 1065, 1070 (9th Cir. 2006), the Ninth
18 Circuit did hold that a non-English-speaking petitioner who was unable to obtain
19 translation assistance despite diligent efforts might be able to establish the necessary
20 extraordinary circumstances justifying equitable tolling. However, the Ninth Circuit
reiterated that "a petitioner who demonstrates proficiency in English or who has the
21 assistance of a translator would be barred from equitable relief." <u>Id.</u> Here, in the
22 Petition and the exhibits thereto (which include handwritten prison grievance forms
and other handwritten documents), petitioner has demonstrated proficiency in
23 English.

24     [7]    The habeas statute now explicitly provides that a habeas petition brought
25 by a person in state custody "shall not be granted unless it appears that-- (A) the
26 applicant has exhausted the remedies available in the courts of the State; or (B)(i)
there is an absence of available State corrective process; or (ii) circumstances exist
27 that render such process ineffective to protect the rights of the applicant." 28 U.S.C.
28                                                            (continued...)

1   that the prisoner's contentions be fairly presented to the state courts and be disposed

2   of on the merits by the highest court of the state.  See James v. Borg, 24 F.3d 20, 24

3   (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228

4   (9th Cir. 1979).  A claim has not been fairly presented unless the prisoner has

5   described in the state court proceedings both the operative facts and the federal legal

6   theory on which his claim is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115

7   S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.

8   Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

9   Petitioner has the burden of demonstrating that he has exhausted available state

10  remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

11         Here, it appears from face of the Petition that petitioner has never sought relief

12  from the California Supreme Court.  (See Pet. at ¶¶ 9, 12.)  It therefore does not

13  appear to the Court that petitioner has exhausted his state remedies with respect to

14  any of the grounds for relief being alleged herein.

15         If it were clear that the California Supreme Court would hold that petitioner's

16  unexhausted claims were procedurally barred under state law, then the exhaustion

17  requirement would be satisfied.[8]  See Castille v. Peoples, 489 U.S. 346, 351-52, 109

18  S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Johnson, 88 F.3d at 831; Jennison v.

19  Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991).  However, it is not "clear" here that

20

21  _____

22         [7](...continued)
    § 2254(b)(1).

23

24         [8]      In that event, although the exhaustion impediment to consideration of
    petitioner's claims on their merits would be removed, federal habeas review of the
25  claims would still be barred unless petitioner could demonstrate "cause" for the
26  default and "actual prejudice" as a result of the alleged violation of federal law, or
    demonstrate that failure to consider the claims would result in a "fundamental
27  miscarriage of justice."  See Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct.
28  2546, 115 L. Ed. 2d 640 (1991).

1  the California Supreme Court will hold that petitioner's claims are procedurally

2  barred under state law.  See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d

3  373, 855 P.2d 391 (1993) (granting habeas relief where petitioner claiming

4  sentencing error, even though the alleged sentencing error could have been raised on

5  direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952)

6  (noting that claims that fundamental constitutional rights have been violated may be

7  raised by state habeas petition).  The Court therefore concludes that this is not an

8  appropriate case for invocation of either "exception" cited above to the requirement

9  that a petitioner's federal claims must first be fairly presented to and disposed of on

10  the merits by the state's highest court.

11       Finally, the Court notes that this is not an appropriate case for invocation of the

12  stay-and-abeyance procedure authorized by Rhines v. Weber, 544 U.S. 269, 277-78,

13  125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), or the stay-and-abeyance procedure

14  authorized by Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88

15  (9th Cir.), cert. denied, 525 U.S. 920 (1998) and Kelly v. Small, 315 F.3d 1063, 1070

16  (9th Cir. 2004), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143,

17  1149 (9th Cir. 2007).  The Rhines procedure applies to mixed petitions, and the Kelly

18  procedure applies to fully exhausted petitions.  See King v. Ryan, 564 F.3d 1133,

19  1139-40 (9th Cir.), cert. denied, 130 S. Ct. 214 (2009).  The Petition herein is neither;

20  rather, it constitutes a petition containing solely unexhausted claims.  The Ninth

21  Circuit has held in a post-Rhines decision that the stay-and-abeyance procedure does

22  not apply to petitions containing solely unexhausted claims.  See Rasberry, 448 F.3d

23  at 1154.  A petition containing solely unexhausted claims must be dismissed.  See

24  Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003).

25

26  DATED:  October 4, 2010

27  _____

28  ROBERT N. BLOCK
    UNITED STATES MAGISTRATE JUDGE